UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MAXIM KOVALCHUK, et al., | |
| Plaintiffs, | CIVIL ACTION NO. 1:23-CV-00834 |
| v. | |
| HON. MATTHEW P. SMITH, | (MEHALCHICK, M.J.) |
| Defendant. | |

**MEMORANDUM**

Presently before the Court is a complaint filed by *pro se* Plaintiffs Maxim Kovalchuk and Julia Kovalchuk (collectively, the "Kovalchuks" or "Plaintiffs") on May 19, 2023, against Defendant Honorable Matthew P. Smith, judge for the Cumberland County Court of Common Pleas ("Judge Smith"), in his official capacity, pursuant to 42 U.S.C. § 1983. (Doc. 1). In the complaint, Plaintiffs allege that Judge Smith violated their civil rights when he denied their petition challenging the detention of their mother after Plaintiffs refused to live with their father. (Doc. 1, at 4-5). As relief, Plaintiffs "demand to be heard about [their] own desires of where to live and with whom to live." (Doc. 1, at 6). On June 8, 2023, having conducted the statutorily-mandated screening of the complaint in accordance with 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2), the undersigned issued a report and recommendation to dismiss the complaint without leave to amend. (Doc. 12). Plaintiffs filed an objection to the undersigned's recommendation on July 6, 2023. (Doc. 13). On August 24, 2023, the parties consented to proceed before the undersigned United States Magistrate Judge pursuant to Fed. R. Civ. P. 73 and 28 U.S.C. § 636(c). (Doc. 14). Plaintiffs' objection to the undersigned's recommendation may be fairly construed as a request for reconsideration under Federal Rule of Civil Procedure 60(b). *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (reasoning

that *pro se* filings should be construed liberally).

I. **BACKGROUND AND PROCEDURAL HISTORY**

The Kovalchuks, proceeding *pro se*, initiated the instant action by filing a complaint on May 19, 2023. (Doc. 1). Liberally construing pleadings, Plaintiffs are two full time high school students and emancipated minors. (Doc. 10, at 1). Plaintiffs' parents were divorced in 2016 and Plaintiffs refuse to reside with their father. (Doc. 10, at 2). The complaint alleges that on February 28, 2023, Plaintiffs' father "received the assistance of a 'detective' from the 'District Attorney's Office,' a man named 'Mays,' to come into [Plaintiffs'] home with neither a warrant nor a court order applicable to [Plaintiffs], and threatened to arrest [Plaintiffs] and call youth services if [Plaintiffs] did not go with them to [Plaintiffs'] father." (Doc. 1, at 4). Subsequently, Plaintiffs ran away from their father's apartment, and returned to their home twice. (Doc. 1, at 4). The Kovalchuks aver that they were never served any papers, never appeared for any proceedings, and never had a lawyer assigned to represent them. (Doc. 1, at 5). Plaintiffs contend that they filed to join their parents' divorce action, but Judge Smith "denied the petition saying [they] are minors." (Doc. 1, at 5). After Plaintiffs' mother "sat for three weeks in Cumberland County's prison because [Plaintiffs] refused to live with [their] father," Plaintiffs "requested a dependency proceeding and assigned attorneys to better understand why justice in this case makes no sense and to get a voice in [Plaintiffs'] parent's case." (Doc. 1, at 5). Plaintiffs assert that they appealed Judge Smith's decision to the Superior Court of Pennsylvania, but never got a response. (Doc. 10, at 3). The Kovalchuks aver that no court honored their request. (Doc. 1, at 5). According to the Kovalchuks, the court imputed upon Plaintiffs' mother their refusal to their with their father, putting their mother into prison, which "caused [Plaintiffs] to be abandoned." (Doc. 1, at 5). Plaintiffs bring this suit against

Judge Smith under the First Amendment "right to petition the government for a redress of grievances," arguing that Judge Smith "is prohibited by the Constitution to block us from telling him [our preferences as to how we live our lives." (Doc. 10, at 1, 4). As relief, Plaintiffs demand their mother to be returned to them, to appear before Judge Smith, and legal representation. (Doc. 1, at 5).

On June 8, 2023, the Court recommended the complaint be dismissed with prejudice in its entirety, finding that Plaintiffs' claims against Judge Smith are barred by Eleventh Amendment immunity. (Doc. 12). On July 6, 2023, Plaintiffs filed an objection, explaining that Plaintiffs "are emancipated children who simply demand that we be treated as any other citizen of the United States and to be heard as to our concerns." (Doc. 13, at 2).

## II. DISCUSSION

The Kovalchuks appear to contend that the Court's recommendation to dismiss this action is improper for two reasons. First, Plaintiffs explain this action does not involve a custody dispute as they are "emancipated children who simply demand that [they] be treated as any other citizen of the United States and be heard as to [their] concerns." (Doc. 13, at 2). Second, Plaintiffs maintain that their right to be heard has been violated and Judge Smith violated their First Amendment rights in rejecting their request for a dependency proceeding "to tell [Judge Smith] what [they] thought of his incarcerating [their] mother and what [their] father was doing. . . ." (Doc. 13, at 3).

Federal Rule of Civil Procedure 60(b) provides, in relevant part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;

    (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

    (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

    (4) the judgment is void;

    (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

    (6) any other reason that justifies relief.

    Fed. R. Civ. P. 60(b).

Although Plaintiffs fail to invoke explicitly any of these factors, the Court will liberally construe their *pro se* request as alleging "other reason[s] that justif[y] relief" under Rule 60(b)(6). (Doc. 13).

    Rule 60(b)(6), which allows for relief from judgment for "any other reason that justifies relief," is a "catch-all provision" that is within the court's sound discretion. *Cohen v. Internal Revenue Serv.*, No. CV 2:19-00764 (WJM), 2021 WL 4520338, at *2 (D.N.J. Oct. 4, 2021), *dismissed sub nom. Cohen v. IRS*, No. 21-3064, 2023 WL 3318689 (3d Cir. Mar. 2, 2023) (citing *Pierce Assoc., Inc. v. Nemours Foundation*, 865 F.2d 530, 548 (3d Cir. 1988)). Such "broad powers" may be exercised "only in 'extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur.'" *Cox v. Horn*, 757 F.3d 113, 120 (3d Cir. 2014) (citing *Sawka v. Healtheast, Inc.*, 989 F.2d 138, 140 (3d Cir. 1993)). "A motion for reconsideration is a limited vehicle used 'to correct manifest errors of law or fact or to present newly discovered evidence.'" *Jackson v. City of Philadelphia*, 535 F. App'x 64, 69 (3d Cir. 2013) (quoting *Max's Seafood Café ex rel. Lou–Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). "Accordingly, a judgment may be altered or amended if the party seeking reconsideration

shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . . ; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *U.S. ex rel. Schumann v. Astrazeneca Pharm. L.P.*, 769 F.3d 837, 848-49 (3d Cir. 2014) (quoting *Max's Seafood Café*, 176 F.3d at 677) (internal quotation marks omitted).

"The movant under Rule 60(b) 'bears a heavy burden.' " *Bohus v. Beloff*, 950 F.2d 919, 930 (3d Cir. 1991). "Motions for reconsideration are not designed to provide litigants with a 'second bite at the apple.' " *Cole's Wexford Hotel, Inc. v. UPMC & Highmark Inc.*, No. CV 10-1609, 2017 WL 432947, at *2 (W.D. Pa. Feb. 1, 2017) (quoting *Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir. 1995)). "A motion for reconsideration is not to be used to relitigate, or 'rehash,' issues the court already decided, or to ask a district court to rethink a decision it, rightly or wrongly, already made." *Cole's Wexford Hotel*, 2017 WL 432947, at *2 (citing *Williams v. City of Pittsburgh*, 32 F. Supp. 2d 236, 238 (W.D. Pa. 1998)). Moreover, since legal error can usually be corrected on appeal, legal error, without more, does not justify the granting of relief under Rule 60(b)(6). *See Pridgen v. Shannon,* 380 F.3d 721, 728 (3d. Cir. 2004) (quoting *Martinez–McBean v. Gov't of V.I.,* 562 F.2d 908, 912 (3d Cir. 1977)); *Klapprott v. United States,* 335 U.S. 601, 613-14 (1949). "By reason of the interest in finality, at least at the district court level, motions for reconsideration should be sparingly granted." *Cole's Wexford Hotel*, 2017 WL 432947, at *1.

The Kovalchuks have set forth no facts which establish extraordinary circumstances warranting relief under Rule 60(b)(6). In the recommendation dated June 8, 2023, the Court determined that Plaintiffs' complaint must be dismissed for lack of jurisdiction. (Doc. 12). Because Judge Smith is a state official, as a judge of the Cumberland County Court of

Common Pleas, the 42 U.S.C. § 1983 claims against him in his official capacity is really a claim against the Commonwealth and, as such, is barred by the Eleventh Amendment. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office . . . . As such, it is no different from a suit against the State itself.") (internal citations omitted). In their objection to the Court's recommendation, rather than alleging facts to establish extraordinary circumstances, Plaintiffs instead rely upon the same facts and arguments presented in the complaint and the motion to appoint counsel. (Doc. 1; Doc. 10). Such a disagreement does not warrant the granting of the motion for reconsideration under Rule 60(b). *See In re Avandia Marketing, Sales Practices & Products Liability Litig.*, No. 07-MD-01871, 2011 WL 4945713, at *1 (E.D. Pa. Oct. 14, 2011) (reconsideration is not permitted to reargue matters the court already resolved or relitigate points of disagreement between the court and the moving party). Therefore, this Court cannot grant Plaintiffs' Rule 60(b) request because they have not established "other reason justifying relief."

### III.  CONCLUSION

For the foregoing reasons, the Kovalchuks' request for reconsideration of the Court's recommendation dated June 8, 2023, is **DENIED**. (Doc. 13). The Kovalchuks' complaint is **DISMISSED WITH PREJUDICE** in its entirety. (Doc. 1). In addition, the Clerk of Court is directed to **CLOSE** this action.

Dated: September 20, 2023            /*Karoline Mehalchick*/
                                     **KAROLINE MEHALCHICK**
                                     **Chief United States Magistrate Judge**